UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X

                                   :
UNITED STATES OF AMERICA           :
                                   :
         - v -                     :      **INFORMATION**
                                   :
JOHN HICKEY,                       :      **24 Cr.** ___592___ ( NSR )
                                   :
              Defendant.           :
                                   :
- - - - - - - - - - - - - - - - - X

### COUNT ONE

### (Wire Fraud)

The United States Attorney charges:

### BACKGROUND

1.  Unless otherwise specified, at all times relevant to this Information:

        a.  The Victim Corporations consisted of a group of family-owned corporations that manufactured flame retardant fabrics.  The Victim Corporations maintained offices in Armonk, New York.

        b.  JOHN HICKEY, the defendant, was a member of the family that owned the Victim Corporations.  HICKEY held minority ownership interests in some of the corporations. HICKEY began to work for the Victim Corporations on a part time basis while he attended college and graduate school and the Victim Corporations paid a portion of his school tuition.

1

HICKEY began to work at the Victim Corporations on a full time
basis in or about 2012 as a Director of Quality Assurance.
During the relevant time period of 2018 through 2023, HICKEY
also served as the controller of some of the Victim
Corporations.

### THE SCHEME TO DEFRAUD

2.  From in or about February 2018 through in or about
November 2023, JOHN HICKEY, the defendant, embezzled
approximately $3,461,292.69 from the Victim Corporations.  To do
so, HICKEY created false invoices that appeared to be from
entities with which the Victim Corporations did business.
HICKEY then circumvented the Victim Corporations' accounting
controls by forging approvals of invoices and by entering
invoices into the Victim Corporations' accounting system himself
rather than have the employee designated to do so enter the
invoices.  HICKEY then caused the accounting system to print
checks made payable to himself in the amounts of the
corresponding false invoices.  Once a check was printed, HICKEY
changed the name of the check's payee in the accounting records
to match the name on the corresponding false invoice.  HICKEY
used a rubber signature stamp to sign the checks.

3.  At times, JOHN HICKEY, the defendant, signed into
the Victim Corporations' accounting system using login

credentials of another employee in order to execute the above scheme.

4.  Starting in or about June 2020, JOHN HICKEY, the defendant, accessed the Victim Corporations' accounting system in New York from his home in Pennsylvania in order the execute the above scheme.

5.  JOHN HICKEY, the defendant, used the proceeds of the above scheme to gamble on sporting events, to attend concerts and sporting events, to improve and repair his home and to go on vacations.

## STATUTORY ALLEGATION

6.  From in or about February 2018 through in or about November 2023, in the Southern District of New York and elsewhere, JOHN HICKEY, the defendant, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, for the purpose of executing such scheme and artifice, knowingly and willfully transmitted and caused to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures, and sounds, to wit, for the purpose of executing the above scheme to defraud and to embezzle funds from the Victim Corporations, HICKEY sent wire communications in

3

interstate commerce between Pennsylvania and the Vicitm

Corporations' accounting system in New York.

(Title 18, United States Code, Sections 1343 and 2)

## FORFEITURE ALLEGATION

7.  As the result of committing the wire fraud offense in violation of Title 18, United States Code, Section 1343 as charged in Count One of this Information, JOHN HICKEY, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense.

## Substitute Asset Provision

8.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third person;

c.  has been placed beyond the jurisdiction of the Court;

d.  has been substantially diminished in value; or

e.  has been comingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981(a)(1)(C);
Title 21, United States Code, Section 853(p);
Title 28, United States Code, Section 2461.)


_____
DAMIAN WILLIAMS
United States Attorney