UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x

UNITED STATES OF AMERICA

    - v -

JOHN HICKEY,

        Defendant.

------------------------------------ x

CONSENT PRELIMINARY ORDER
OF FORFEITURE/
MONEY JUDGMENT

24 Cr. 592 (NSR)

WHEREAS, on or about October 10, 2024, JOHN HICKEY (the "Defendant"), was charged in Count One of a one-count Information with wire fraud, in violation of Title 18, United States Code, Section 1343;

WHEREAS, the Information included a forfeiture allegation as to Count One seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, of all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count One of the Information;

WHEREAS, on or about October 10, 2024, the Defendant pleaded guilty to Count One of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, a sum of money equal to $3,461,292.69 in United States currency, representing the amount of proceeds traceable to the offense charged in Count One of the Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $3,461,292.69 in United States currency, representing the amount of proceeds

traceable to the offense charged in Count One of the Information that the Defendant personally obtained; and

WHEREAS, the Defendant admits that, as a result of acts or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorneys Jay Clayton, United States Attorney, Assistant United States Attorney James McMahon, and the Defendant, and his counsel, Gary A. Farrell, Esq., that:

1.      As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, a money judgment in the amount of $3,461,292.69 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained, shall be entered against the Defendant.

2.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant, JOHN HICKEY, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3.      All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, 26 Federal Plaza, 37th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

8. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: _____          5/22/25
    JAMES MCMAHON                         DATE
    Assistant United States Attorney
    50 Main Street, Suite 1100
    White Plains, NY 10606
    (914) 993-1936


JOHN HICKEY

By: _____          5/22/25
    JOHN HICKEY                           DATE


By: _____          5/22/25
    GARY A. FARRELL, ESQ.                 DATE
    Attorney for Defendant


SO ORDERED:

_____              05/22/2025
HONORABLE NELSON S. ROMAN                 DATE
UNITED STATES DISTRICT JUDGE